IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAUL JOSEPH STANLEY aka JEFF
STANLEY #307-541                                    :

    Petitioner                                       :

v                                                         :    Civil Action No. CCB-09-2713

BOBBY SHEARIN, WARDEN, et al.,      :

    Respondents:

**MEMORANDUM**

Respondents move to dismiss Saul Joseph Stanley's application for a writ of habeas corpus as time-barred pursuant to 28 U.S.C. § 2244(d).  Document 3.  Stanley has responded, claiming that his attempt to reopen state post-conviction proceedings should not count against the limitations period.[1]  Document 5.  After reviewing these papers, the court finds no need for an evidentiary hearing.  *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; *see also* 28 U.S.C. §2254(e)(2).  For reasons set forth herein, the court shall dismiss the petition with prejudice as time-barred.

**Procedural History**

Saul Joseph Stanley, also known as Jeff Stanley, attacks his February 22, 2002, convictions for first- and second-degree murder and related charges following a jury trial in the Circuit Court for Washington County.  Document 3-1 at 14.  On March 25, 2002, Stanley was sentenced to life imprisonment for first-degree murder.[2]  Document 3-1 at 15.  Stanley's direct

---

[1] Stanley also asks that this case be treated as a "second or successive petition" based on newly discovered evidence that would establish his innocence.  Document 5 at 2.  As a second or successive petition would be barred from consideration absent authorization from the United States Court of Appeals for the Fourth Circuit, his request to treat his case as a successive petition shall be denied.

[2] The remaining offenses were merged for sentencing purposes.  Document 3-1 at 9-10 and 15 and 3-2 at 1.

appeal was denied on February 12, 2003. Document 3-2. The Court of Appeals of Maryland denied Stanley's request for further review on June 13, 2003. Document 3-3. Stanley did not seek certiorari review in the United States Supreme Court. His convictions became final for the purpose of federal habeas corpus review on September 11, 2003, when the time for seeking such review expired. *See* Sup. Ct. Rule 13.1 (certiorari petition to be filed within 90 days of date of judgment from which appeal is sought).

On June 1, 2004, Stanley filed a post-conviction petition in the Circuit Court for Washington County. Document 3-1 at 16. The petition was withdrawn without prejudice in open court on February 13, 2006. Document 3-1 at 17. A subsequent petition was filed more than ten months later, on December 27, 2006. *Id*. Relief was denied on May 15, 2007. *Id*. Stanley did not seek leave to appeal the state post-conviction court's ruling, which became final on June 15, 2007, when the time for filing an application for leave to appeal expired. See Md. Rule 8-204(b) (application for leave to appeal to be filed within 30 days of the date of judgment from which appeal is sought).

On May 15, 2008, Stanley filed a motion to reopen post-conviction proceedings, which was denied by the Circuit Court on June 24, 2008. Document 3-1 at 18. His application for leave to appeal the denial was summarily denied by the Court of Special Appeals on March 6, 2009. Document 3-3. The court's mandate issued on April 6, 2009.[3] The instant action, dated October 13, 2009, was received for filing on October 19, 2009.[4]

---

[3] The date of issuance of the mandate has been confirmed by the state court; a copy of the mandate, however, has not been provided by respondents.

[4] The petition is deemed filed on the date it was signed. *See Houston v. Lack*, 487 U.S. 266 (1988*); see also United States v. Dorsey,* 988 F.Supp.. 817, 919-20 (D. Md. 1998).

A one-year statute of limitations applies to habeas petitions. *See* 28 U.S.C. § 2244(d).[5] This one-year period is tolled while properly filed post-conviction proceedings are pending, and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson,* 209 F.3d 325, 328-30 (4th Cir. 2000).

It is apparent that no properly filed state post-conviction petition was pending to toll the limitations period between the time Stanley's convictions became final on September 11, 2003, and the filing of his post-conviction action on June 1, 2004, a period of 264 days. The petition was withdrawn on February 13, 2006, and nothing was pending between that date and the re-filing of a petition on December 27, 2006, a period of 318 days. The matter ultimately came before the Circuit Court for a hearing, and became final on June 16, 2007, upon expiration of the time for seeking leave to appeal. After relief was denied Stanley allowed an additional year to

---

[5]This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

elapse before seeking to reopen post-conviction proceedings and, when unsuccessful in that endeavor, waited an additional 190 days before filing the instant petition.  The state argues that unsuccessful attempts to reopen state post-conviction proceedings do not constitute "properly filed" post-conviction proceedings which toll the limitations period set in 28 U.S.C. § 2244(d), *citing Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (federal limitations period tolled "as long as the ordinary state collateral review process is 'in continuance,' i.e., 'until completion of that process.'").  Even if the motion to reopen did toll limitations, however, more than a year elapsed with no post-conviction proceedings of any kind pending.

In order to be entitled to equitable tolling, Stanley must establish that either some wrongful conduct by respondents contributed to the delay in filing the post-conviction petition or that extraordinary circumstances beyond his control caused the delay. *Rouse v. Lee*, 339 F. 3d 238, 246 (4th Cir. 2003); *Harris,* 209 F. 3d at 330.  "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*  Nothing in the record suggests that Stanley had been diligently pursuing his rights and that some extraordinary circumstance prevented him from promptly seeking state post-conviction relief. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rouse*, 339 F.3d at 246.  To the extent delay might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004).  Stanley has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief are time-barred.  For the reasons stated herein, the court will deny and dismiss the petition.  A

certificate of appealability will not issue because Stanley has not made a "substantial showing of the denial of a constitutional right." A separate order follows.


  January 19, 2010                                                                                   /s/                  
Date                                                                                     Catherine C. Blake
                                                                                        United States District Judge